UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY ELECTRIC SUPPLY COMPANY, | |
| Plaintiff, | Case No. 1:25-cv-00936-JPO |
| v. | Hon. J. Paul Oetken |
| EO CHARGING US, INC., | |
| Defendant. | |

## **STIPULATED PROTECTIVE ORDER AND ESI PROTOCOL**

Plaintiff City Electric Supply Company and Defendant EO Charging US, Inc., by and through their respective counsel, hereby stipulate as follows:

### PROTECTIVE ORDER

1.     This Order ("Protective Order") is made under FED. R. CIV. P. 26(c). It governs any document, information, or other thing furnished by any party to any other party in this action, and it includes any nonparty who receives a subpoena in connection with this action. The information protected includes, but is not limited to: answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition transcripts and videotapes; deposition exhibits; and other writings or things produced, given, or filed in this action that are designated by a party as "Confidential" or "Attorney Eyes Only" in accordance with the terms of this Protective Order, as well as to any copies, excerpts, abstracts, analyses, summaries, descriptions, or other forms of recorded information containing, reflecting, or disclosing such information.

**Designation and Maintenance of Information**

2.    For purposes of this Protective Order:

a.  the "Confidential" designation means that the document includes (i) trade secrets or competitively sensitive information (such as confidential research, development, technical, commercial, or financial information) that is not otherwise publicly accessible or available; (ii) information a party otherwise believes in good faith to be entitled to protection under FED. R. CIV. P. 26(c)(1)(G); (iii) information received in confidence from a third party, or (iv) other information required by law or agreement to be kept confidential; and

b.  the "Attorney Eyes Only" designation means that the document includes information that the producing party deems especially sensitive, which may include, but is not limited to, trade secrets or other proprietary, confidential, research, development, client, financial, technical, marketing, business, or personal information.

3.    Documents and things produced during the course of this litigation within the scope of ¶ 2(a) above may be designated by the producing party or nonparty as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

**PROTECTED – CONFIDENTIAL**

4.    Documents and things produced during the course of this litigation within the scope of ¶ 2(b) above may be designated by the producing party or nonparty as containing Confidential Information by placing on each page and each thing a legend, or otherwise conspicuously designating electronically stored information, substantially as follows:

PROTECTED – ATTORNEYS EYES ONLY

5.      Notwithstanding ¶¶ 3–4, a party may designate information disclosed at a deposition as Confidential or Attorney Eyes Only by requesting the reporter to so designate the transcript or any portion of the transcript on the record during the course of the deposition. If no such designation is made at the time of the deposition, any party will have five (5) calendar days after the deposition transcript becomes available to the deponent to designate, in writing to the other parties and to the court reporter, whether the transcript is to be designated, in whole or in part, as Confidential or Attorney Eyes Only. If no such designation is made at the deposition or within this five (5) calendar day period (during which period, the transcript must be treated as Confidential), the entire deposition will be considered devoid of Confidential or Attorney Eyes Only information. Each party and the court reporter must attach a copy of any final and timely written designation notice to the transcript and each copy of the transcript in its possession, custody, or control, and the portions designated in such notice must thereafter be treated in accordance with this Protective Order. It is the responsibility of counsel for each party to maintain materials containing Confidential or Confidential Attorney Eyes Only designations in a secure manner and appropriately identified so as to allow access to such information only to such persons and under such terms as is permitted under this Protective Order.

6.      Notwithstanding ¶¶ 3–4, a party, within 14 (fourteen) calendar days of receiving Confidential or Attorneys Eyes Only information from a nonparty as part of this proceeding, may designate such information as Confidential or Attorneys Eyes Only. Until the earlier of the expiration of this fourteen-day period or a party's designation, such information must be treated as Confidential.

**Inadvertent Failure to Designate**

7.    The inadvertent failure to designate or withhold any information as confidential or privileged will not be deemed to waive a later claim as to its confidential or privileged nature or to stop the producing party from designating such information as confidential or privileged at a later date in writing and with particularity. The information must be treated by the receiving party as confidential or privileged from the time the receiving party is notified in writing of the change in the designation.

**Challenge to Designations**

8.    A receiving party may challenge a producing party's designation at any time. Any party disagreeing with a designation must request in writing that the designating party or nonparty change the designation and shall describe with particularity the documents or information in question and the grounds for the requested change. The producing party will then have seven (7) calendar days after receipt of a challenge notice to advise the receiving party whether or not it will change the designation. If the parties are unable to reach agreement after the expiration of this seven (7) calendar day timeframe, and after the conference required under Rule 4(B) of this Court's Individual Rules and Practices in Civil Cases, the party disagreeing with the designation may at any time thereafter seek an order to alter the confidential status of the designated information. Until any dispute under this paragraph is ruled upon by the presiding judge, the designation will remain in full force and effect, and the information will continue to be accorded the confidential treatment required by this Protective Order. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this proceeding. Moreover, the failure to designate information as confidential in accordance with this Protective Order and the failure to challenge such

designation at a given time will not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Protective Order will neither be construed as a waiver of any person's right to object to furnishing information in response to discovery in this proceeding, nor relieve any person of the obligation to produce information in the course of discovery in this proceeding.

**Disclosure and Use of Confidential or Attorneys Eyes Only Information**

9.      Information designated as Confidential or Attorney Eyes Only may only be used for purposes of preparation, trial, and appeal of this action. Confidential information or Attorney Eyes Only information may not be used under any circumstances for any other purpose.

10.      Subject to ¶ 12 below, Confidential information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

    a.   The Court, and its personnel, presiding over this action and related officials involved in this action or any appellate review of this action in which Confidential information is used, including judges, magistrates, jurors, court reporters, and persons preparing transcripts of testimony, and other personnel of the Court;

    b.   The parties, including their counsel, staff, employees, and agents (including consultants not covered under subparagraph 9(f) below, as well as contractors assisting the parties in the preparation or hearing of this action under the direction and control of the parties or their counsel, staff, employees, or agents;

    c.   In-house counsel for the receiving party;

d.   Outside counsel for the receiving party, as well as their associated attorneys and other employees or contractors assisting such counsel in the preparation or hearing of this action under the direction and control of such counsel;

e.   Supporting personnel employed by (c) and (d), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

f.   Experts or consultants retained or consulted by the parties in this action, including the employees of such experts or consultants who are assigned to assist such experts or consultants, in connection with services in the preparation or hearing of this action or any appellate review or remand of this action, provided that they sign Exhibit A;

g.   Any person who, based on a good faith and objectively reasonable belief or understanding of counsel of record for the producing party, created, sent, received or reviewed Confidential information, or who has had access to the Confidential information independent of this action;

h.   Any person whom the producing party believes in good faith may be a trial or deposition witness and the witness's counsel, if the Confidential information is, based on a good faith and objectively reasonable belief or understanding of counsel of record for the producing party, reasonably related to the witness's testimony, provided that they have signed Exhibit A; and

i.   Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, mediation, translation services, court reporting services, demonstrative exhibit preparation, or the creation or maintenance of any computer database from documents.

11.    Subject to ¶ 12 below, Attorneys Eyes Only information may be disclosed by the receiving party only to the following individuals, provided that such individuals are informed of the terms of this Protective Order:

  a.  The Court, and its personnel, presiding over this action and related officials involved in this action or any appellate review of this action in which Confidential information is used, including judges, magistrates, jurors, court reporters, and persons preparing transcripts of testimony, and other personnel of the Court;

  b.  Outside counsel for the receiving party, as well as their associated attorneys and other employees or contractors assisting such counsel in the preparation or hearing of this action under the direction and control of such counsel;

  c.  Supporting personnel employed by (b), such as paralegals, legal secretaries, data entry clerks, legal clerks, and private photocopying services;

  d.  Experts or consultants retained or consulted by the parties in this action, including the employees of such experts or consultants who are assigned to assist such experts or consultants, in connection with services in the preparation or hearing of this action or any appellate review or remand of this action, provided that they sign Exhibit A;

  e.  Any person who, based on a good faith and objectively reasonable belief or understanding of counsel of record for the producing party, created, sent, received or reviewed Attorneys Eyes Only information, or who has had access to the Attorneys Eyes Only information independent of this action;

f.   Any persons requested by counsel to furnish services such as document coding, image scanning, mock trial, jury profiling, mediation, translation services, court reporting services, demonstrative exhibit preparation, or the creation or maintenance of any computer database from documents.

12.   For those individuals required to sign Exhibit A, signed statements from each individual shall be retained by counsel and need not be filed with the Court or served upon opposing counsel, unless requested for good cause or ordered by the Court. A person's refusal or practical inability to sign the statement, after the party's good-faith effort to secure signature, shall not restrict the party (or its counsel) from disclosing the materials to the person during trial, deposition, or other discovery or pretrial proceeding; provided, however, that the party (or its counsel) shall serve on or provide to the person a copy of this Protective Order before the disclosure, and, in the case of the person's refusal, makes a record of the person's refusal to sign, or, in the case of impracticability, makes a good-faith attempt to obtain the person's signature after the disclosure.

13.   Information that is Confidential or Attorneys Eyes Only may be disclosed to a person who is not already allowed access to such information under this Protective Order if:

a.   The information was previously received or authored by the person or was authored or received by a director, officer, employee, or agent of the company for which the person is testifying as a designee under FED. R. CIV. P. 30(b)(6);

b.   The designating party is the person or is a party for whom the person is a director, officer, employee, consultant or agent; or

c.   Counsel for the party designating the material agrees that the material may be disclosed to the person.

In the event of disclosure under this paragraph, only the reporter, the person, his or her counsel, the presiding judge, and persons to whom disclosure may be made and who are bound by this Protective Order, may be present during the disclosure or discussion of Confidential information or Attorney Eyes Only information. Disclosure of material pursuant to this paragraph does not constitute a waiver of the confidential status of the material so disclosed.

14.     Nothing in this Protective Order shall restrict the use of Confidential information or Attorney Eyes Only information outside of this litigation by any person, or the disclosure of Confidential information or Attorney Eyes Only information to any person (or that person's counsel), who: (a) originally disclosed, provided, or produced such Confidential information or Attorney Eyes Only information in this action; (b) has had such Confidential information or Attorney Eyes Only information in its possession, custody, or control independent of this action; or (c) has discovered such Confidential information or Attorney Eyes Only information independent of this action.

**Nonparty Information**

15.     The existence of this Protective Order must be disclosed to any person producing documents, tangible things, or testimony in this action who may reasonably be expected to desire confidential treatment for such documents, tangible things, or testimony. Any such person may designate documents, tangible things, or testimony confidential pursuant to this Protective Order.

**Filing Documents with the Court**

16.     If any party wishes to submit Confidential information or Attorney Eyes Only information to the Court, the submission must be filed in accordance with Rule 2(E) of this Court's Individual Rules and Practices in Civil Cases.

**No Prejudice**

17.     Producing or receiving confidential information, or otherwise complying with the terms of this Protective Order, will not (i) operate as an admission by any party that any particular confidential information contains or reflects trade secrets or any other type of confidential or proprietary information; (ii) prejudice the rights of a party to object to the production of information or material that the party does not consider to be within the scope of discovery; (iii) prejudice the rights of a party to seek a determination by the presiding judge that particular materials be produced; (iv) prejudice the rights of a party to apply to the presiding judge for further protective orders; or (v) prevent the parties from agreeing in writing to alter or waive the provisions or protections provided for in this Protective Order with respect to any particular information or material.

18.     Nothing in this Protective Order shall be construed to affect in any way the admissibility of any Confidential information or Attorney Eyes Only information, testimony, or any other evidence in this proceeding. This Protective Order shall have no effect upon, and its scope shall not extend to, any party's use of its own discovery materials.

**Conclusion of Litigation**

19.     At the time that any consultant, expert, or other person retained to assist a party's counsel in this proceeding concludes his or her participation in this proceeding, such person shall return to counsel of record for the retaining party all copies of Confidential information or Attorney Eyes Only information, together with all notes, memoranda, or other papers reproducing, paraphrasing, or otherwise disclosing Confidential information or Attorney Eyes Only information, or certify as to their destruction. Within sixty (60) calendar days after final judgment in this action, including the exhaustion of all appeals, or within sixty (60) calendar days after

dismissal pursuant to a settlement agreement, each party or other person subject to the terms of this Protective Order is under an obligation to destroy or return to the producing party all materials and documents containing Confidential information or Attorney Eyes Only information, and to certify to the producing party that this destruction or return has been done. However, counsel for any party is entitled to retain all court papers, deposition and trial transcripts and other sworn statements, exhibits, expert reports, and attorney work product reproducing, paraphrasing, or otherwise disclosing Confidential information or Attorney Eyes Only information, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order.

### Other Proceedings

20.    All persons who receive Confidential information or Attorney Eyes Only information shall remain under a continuing duty not to disclose such information, except as permitted in this Protective Order. This duty shall continue in full force and effect after the completion of this proceeding for a period of five (5) years. However, nothing contained in this Protective Order is intended to be construed as authorizing a person to disobey a lawful court order, request by a regulatory or self-regulatory organization, upon appropriate request, or subpoena issued in another proceeding. Any person or party subject to this Protective Order who may be subject to a motion to disclose another party's information designated Confidential information or Attorney Eyes Only information pursuant to this Protective Order must promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**Remedies**

21.     It is ORDERED that this Protective Order will be enforced by the sanctions set forth in FED. R. CIV. P. 37(b) and any other sanctions as may be available to the presiding judge, including the power to hold parties or other violators of this Protective Order in contempt. All other remedies available to any person injured by a violation of this Protective Order are fully reserved.

22.     Any party may petition the presiding judge for good cause shown if the party desires relief from a term or condition of this Protective Order.

**ESI PROTOCOL**

23.     This section governs discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure and any other applicable orders and rules.

24.     Nothing in this ESI Protocol alters a party's rights, obligations, and responsibilities under the applicable Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Southern District of New York, or this Court's Individual Rules and Practices in Civil Cases. The Parties reserve all rights and objections. Without waiving any objections, the Parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with Local Civil Rule 26.4.

25.     The parties agree that in responding to an initial FED. R. CIV. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery. The parties shall meet and confer in good faith and with the goal of achieving a just, speedy, and cost-efficient methodology or workflow for identifying responsive documents to be produced. For example, the parties may choose to proceed by proposing search terms, custodians, and date ranges that are

reasonably tailored to particular issues in the matter combined with or by employing other methods to cull data and identify potentially responsive documents for review and production, including the use of technological solutions.

26.    To filter ESI for relevancy prior to review and production, a producing party may do one or more of the following, so long as the process used meets the standard of care promulgated in FED. R. CIV. P. 26(g): (i) use keyword search terms agreed to by the parties that the producing party in good faith believes will capture responsive ESI; (ii) limit the collection and review of ESI to the custodians agreed to by the parties; (iii) limit the collection and review of ESI to a reasonable date range agreed to by the parties and based on the claims asserted; and/or (iv) use technology-assisted review techniques. Simply because a document hits upon a search term or is otherwise identified by technological tools as likely responsive does not mean that the document is in fact responsive, and the parties may conduct further review and/or analysis to determine responsiveness and privilege.

27.    Parent-child relationships (the association between an attachment and its parent document) shall be preserved whenever reasonable in such a way that child documents are produced immediately after/sequentially following the parent document in the same production set and are identifiable as parent and child.

28.    If a producing party changes, in whole or in part, the redaction or privilege designation of a document, the updated document shall be produced with an overlay and load file indicating the document being replaced. The replacement document shall bear the same Bates number unless the document is being produced with more pages than it was originally, in which case the document will be produced with a Bates stamp suffix reflecting that the document is a replacement.

29.    All ESI formats and file types shall be provided in native files to the extent possible.

30.    To the extent not practicably possible to produce certain ESI in native format, such files shall be produced as single-page TIFF with accompanying extracted text files.

31.    If the images provided are low quality or difficult to read, the parties agree that they can request revised versions (including a version in color) and such request will not be unreasonably denied.

32.    All documents must be endorsed with sequential Bates numbers (ABC_0000001). A Bates-numbered placeholder indicating that the document was provided in native format must accompany every native file.

33.    The confidentiality status of any document under this Protective Order shall be designated as described herein.

34.    To the extent available and can be reasonably extracted from a document, the parties will provide the following metadata fields in the metadata load file as described below, which should be populated by the party or the party's vendor. The parties will make reasonable efforts to ensure metadata fields automatically extracted from the documents are correct. However, the parties acknowledge that such metadata may not always be accurate and might instead contain irrelevant or incorrect information generated during the collection process. Each of the following metadata and index fields that can be derived from its source, collection, or production or, with respect to internal metadata, and reasonably extracted from a document will be produced for that document: (1) beginning Bates number and ending Bates number; (2) beginning and ending attachment number (as to e-mail); (3) document type (*e.g.*, mail, attachment, e-document); (4) document extension (as to e-document and e-mails); (5) author; (6) recipient, cc, and bcc (as to e-mail); (7) sent date (as to e-mail); (8) received date (as to e-mail); (9) create date (as to

e-document); (10) last modified date (as to e-document); (11) custodian; (12) confidentiality designation; and (13) Nativelink Path (*i.e.*, relative file path to each native file on production media, if applicable). Each production shall be accompanied by a load file in either CSV delimited or DAT format and should include the aforementioned metadata index fields.

35.    Production shall be made in a manner that reflects document breaks.

36.    The parties will make reasonable efforts to de-duplicate ESI globally prior to production.

37.    The provisions of the ESI Protocol may be modified in accordance with ¶ 22 above or by stipulated order of the parties.

### DATA PROTECTION UNDER U.K. LAW

38.    **Data Minimization of Personal Data.** Defendant is an American subsidiary of a parent company based in the United Kingdom of Great Britain and Northern Ireland, and it is expected that many of the documents to be produced in discovery are physically or electronically stored in the United Kingdom and thus subject to U.K. data privacy law. Defendant, in accordance with its obligations under The Data Protection Act 2018, shall seek to minimize the processing of "Personal Data" as defined by United Kingdom General Data Protection Regulation ("UK GDPR") Article 4(1) in its disclosures where such Personal Data is not reasonably believed to be material to any claims or defenses in the litigation, provided that any disputes regarding the same shall be reserved as set out below in ¶ 41 ("Objections & Dispute Resolution"). Data minimization may include: (a) redaction, meaning the removal or masking of specific Personal Data; (b) anonymization, meaning the modification of Personal Data in such a way that the individual can no longer be identified; and/or (c) pseudonymization, meaning the alteration of Personal Data through identifiers that can be reattributed to an individual under controlled conditions. Such data

minimization shall be in accordance with Article 5(1)(c) of UK GDPR, seeking to be proportionate to the need to protect Personal Data while seeking to preserve the integrity of the disclosed material. These actions shall not materially impact Plaintiff's ability to access relevant evidence, and Defendant shall provide an accompanying log detailing the nature of any redacted, anonymized, and/or pseudonymized information.

39.    **Restricted Access to Personal Data.** Where Personal Data remains necessary for disclosure, Defendant may designate such information as Attorneys Eyes Only under this Protective Order.

40.    **International Data Transfer & Safeguards.** Any disclosures of Personal Data subject to UK GDPR that involve transfers outside of the United Kingdom or the European Union shall adhere to legally recognized safeguards, including but not limited to the use of Standard Contractual Clauses, technical security measures such as encryption, and any supplementary measures required to ensure adequate data protection.

41.    **Objections and Dispute Resolution.** If Plaintiff or any other party objects to data minimization measures undertaken pursuant to this provision, the parties shall first meet and confer in good faith. If a resolution cannot be reached, the objecting party may seek the intervention of the Court to balance Defendant's interest in compliance with UK GDPR with the objecting party's interests in receiving the discovery sought under United States law.

SO STIPULATED AND AGREED:

Dated:  May 7, 2025                                    SBAITI & COMPANY PLLC

                                                       By:  */s/ Griffin S. Rubin*
                                                       Griffin S. Rubin

                                                       *Attorneys for City Electric Supply Company*

Dated:  May 7, 2025                          SPENCER FANE LLP

                                             By: _/s/ Angus Dwyer (with permission)_
                                             Angus Dwyer

                                             *Attorneys for EO Charging US, Inc.*

       SO ORDERED.

                                             _____
                                             J. PAUL OETKEN
                                             United States District Judge

Dated:  May 14, 2025
        New York, New York

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY ELECTRIC SUPPLY COMPANY,

        Plaintiff,

v.

EO CHARGING US, INC.,

        Defendant.

Case No. 1:25-cv-00936-JPO

Hon. J. Paul Oetken

## CONFIDENTIALITY AGREEMENT

I hereby affirm that:

Information, including documents and things, designated as "Confidential" or "Attorneys Eyes Only" as defined in the Protective Order entered in the above-captioned action (the "Protective Order"), is being provided to me pursuant to the terms and restrictions of the Protective Order.

I have received a copy of and have read the Protective Order.

I am familiar with the terms of the Protective Order, and I agree to comply with and to be bound by its terms.

I submit to the jurisdiction of this Court for enforcement of the Protective Order.

I agree not to use any information disclosed to me designated Confidential or Attorneys Eyes Only pursuant to the Protective Order except for purposes of the above-captioned litigation and not to disclose any of this information to persons other than those specifically authorized by the Protective Order without the express written consent of the party that designated the information as confidential or by order of the presiding judge.

I also agree to notify any stenographic, clerical, or technical personnel who are required to assist me of the terms of the Protective Order and of its binding effect on them and me.

I understand that I am to retain all documents or materials designated as or containing information designated Confidential or Attorney Eyes Only in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including all copies thereof, and any writings prepared by me containing any information designated Confidential or Attorney Eyes Only are to be returned to counsel who provided me with such documents and materials.

_____
Signed

_____
Printed Name

_____
Date