UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CITY ELECTRIC SUPPLY COMPANY,
                              Plaintiff,

                    -v-                                     25-CV-936 (JPO)

                                                            ORDER
EO CHARGING US, INC.,
                              Defendant.

J. PAUL OETKEN, District Judge:

        Plaintiff City Electric Supply Company ("CES") brings this action against Defendant EO

Charging US, Inc. ("EO") for relief relating to EO's sale of electric vehicle chargers and

charging stations to CES.  (ECF No. 25 ¶ 1.)  EO moved to dismiss CES's original complaint on

April 10, 2025 (ECF No. 7); CES then filed an Amended Complaint on April 30, 2025 (ECF No.

25), which EO again moved to dismiss (ECF No. 33).  CES now seeks leave to file a Second

Amended Complaint ("SAC").  (ECF No. 36.)  For the reasons that follow, CES's motion for

leave to amend is granted and EO's motions to dismiss are denied as moot.

        CES is an electrical supply wholesale business that entered into a Distribution Agreement

with EO for the sale of electric vehicle chargers and charging stations.  (ECF No. 25 ¶¶ 6, 13-

15.)  The Distribution Agreement gave CES a right to return EO's products under certain

circumstances.  (*Id.* ¶¶ 20, 42.)  In its operative complaint, CES alleges that, "contrary to EO's

representations and warranties, the chargers and charging stations were practically useless in the

U.S." and suffered from various defects.  (*Id.* ¶¶ 27-31.)  CES further alleges that EO refused to

accept return when CES attempted to exercise its contractual return rights.  (*Id.* ¶¶ 41-53.)  In the

operative complaint, CES asserts claims for breach of express warranty, breach of contract, and

breach of the duty of good faith and fair dealing.  (*Id.* ¶¶ 54-85.)

On May 23, 2025, within the time permitted in this Court's scheduling order, CES moved for leave to file its SAC.  (ECF No. 36; *see also* ECF No. 23 ¶ 4.)  The proposed SAC seeks to add Juuce Limited ("Juuce"), a British corporation alleged to be EO's parent company, as a defendant and asserts two additional claims against both EO and Juuce—breach of implied warranty of fitness for a particular purpose and negligent misrepresentation of contract.  (*See generally* ECF No. 36-2.)  EO opposes the motion on the basis of futility.  (ECF No. 39.)

"Federal Rule of Civil Procedure 15(a)(2) provides that after a party amends its complaint once as a matter of course, it 'may amend its pleading [on subsequent occasions] only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.'"  *McCracken v. Verisma Sys., Inc.*, 91 F.4th 600, 609 (2d Cir. 2024) (alteration in original) (quoting Fed. R. Civ. P. 15(a)(2)); *see also Bridgeport Music, Inc. v. Universal Music Grp., Inc.*, 248 F.R.D. 408, 412 (S.D.N.Y. 2008) ("In deciding whether to permit joinder, courts apply the same standard of liberality afforded to motions to amend pleadings under Rule 15." (quotation marks omitted)).  That said, "motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party."  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008).  "Leave to amend may be denied on grounds of futility if the proposed amendment fails to state a legally cognizable claim or fails to raise triable issues of fact."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 726 (2d Cir. 2010).

EO does not argue that CES's motion is untimely or unduly prejudicial.  Instead, it challenges the motion on futility grounds, arguing that the SAC fails to adequately allege that Juuce is subject to personal jurisdiction in New York and that the SAC's new causes of action

2

would not withstand a motion to dismiss.  (ECF No. 39.)  However, EO's personal jurisdiction arguments are best addressed once Juuce is named a party to the action and if Juuce chooses to make the argument itself.  *See, e.g.*, *Sutton v. Tapscott*, 120 F.4th 1115, 1125 (2d Cir. 2024) ("[A] defendant must normally raise personal jurisdiction as a defense, only after which the plaintiff will be required to show that the court has jurisdiction over the defendant."); *N.Y. Wheel Owner LLC v. Mammoet Holding B.V.*, 481 F. Supp. 3d 216, 250 (S.D.N.Y. 2020) ("In general, . . . current parties unaffected by the proposed amendment do not have standing to assert claims of futility on behalf of proposed defendants." (quotation marks omitted)).  For similar reasons, EO's arguments that CES fails to state a claim are best resolved in a motion to dismiss, should EO choose to renew its motion to dismiss or should Juuce choose to bring such a motion.

For the foregoing reasons, CES's motion for leave to file a second amended complaint is GRANTED.  CES is directed to file its Second Amended Complaint on the docket within one week.  The parties are directed to file a proposed schedule with respect to service of Juuce and the briefing of any answer, renewed motion to dismiss, or other response that Defendants should choose to bring.  EO's two motions to dismiss are DENIED as moot without prejudice to renewal or refiling.

The Clerk of Court is directed to close the motions at Docket Numbers 7, 33, and 36.

SO ORDERED.

Dated:  August 27, 2025
     New York, New York

_____
       J. PAUL OETKEN
     United States District Judge